UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiff,

Case No. 10-CV-727

v.

FAIRWAY INDEPENDENT MORTGAGE
CORPORATION,

    Defendant.

## COMPLAINT

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") invokes this court's jurisdiction pursuant to 28 U.S.C. § 1332 given the complete diversity of citizenship between the plaintiff and defendant. LBHI, by and through its undersigned attorneys, and for its complaint stating its causes of action against Defendant Fairway Independent Mortgage Corporation ("Fairway"), states and alleges as follows:

### NATURE OF ACTION

1.     Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from Fairway pursuant to written contracts. LBB subsequently assigned its rights under those contracts to LBHI and sold the subject loans to LBHI. With respect to one of these mortgage loans, Fairway breached representations, warranties and covenants and other provisions of the contracts, requiring them to repurchase the loan and/or

400347

indemnify LBHI for its losses on that loan. Despite demand, Fairway refused to live up to its obligations. By this action, LBHI seeks to recover money damages for the injuries that LBHI has sustained as a result.

## PARTIES

2. LBHI is a Delaware corporation with its principal place of business in New York.

3. Fairway is a Texas corporation with its principal place of business located in Sun Prairie, Wisconsin.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff LBHI and Defendant Fairway, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. The Court has general personal jurisdiction over Fairway.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Fairway resides in Milwaukee, Wisconsin.

## FACTUAL ALLEGATIONS

7. Lehman engaged in the purchase and sale of mortgage loans.

8. Fairway engages in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

9. Fairway entered into written Loan Purchase Agreements ("Agreements") with LBB. The Agreements specifically incorporate the terms and conditions of the Seller's Guide of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of Fairway.

10. The Agreements and the Seller's Guide sets forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

11. Fairway sold a number of mortgage loans to LBB under the Agreements and Seller's Guide, including the loans discussed below.

12. Subsequent to such sales by Fairway, LBB sold the loan discussed below to LBHI.

13. Subsequent to such sales by Fairway, LBB assigned all of its rights and remedies under the Agreements and Seller's Guide to LBHI.

14. With respect to each of the loans sold to LBB under the Agreements and Seller's Guide, Fairway made a number of representations, warranties and covenants concerning the mortgage loans including with respect to, without limitation:

(a) the validity of all mortgage loan documentation;

(b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

(c) occupancy by the borrower of the property securing the mortgage loan;

(d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

400347

(e)   the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

15.   Fairway also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans, and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

16.   With respect to itself, Fairway represented and/or warranted that it has the ability to perform its obligations under, and satisfy all requirements of, the Agreements and Seller's Guide.

17.   With respect to some of the mortgage loans purchased from Fairway, Lehman discovered material problems with those loans and that Fairway had breached representations, warranties and/or covenants under the Agreements and Seller's Guide concerning that mortgage loan.

18.   As to loan ****5441, the borrower's loan application that was transmitted to LBB's agent Aurora misrepresented the borrower's debts. This was a material breach of Fairway's representations, warranties and covenants in Section 703(1) and 703(12) of the Seller's Guide.

19.   The Agreement and Seller's Guide, as assigned, provide that in the event of a breach of the representations, warranties, and/or covenants, LBHI or its agent may demand that Fairway repurchase the loans and Fairway shall repurchase the loans at a certain repurchase price, and/or that Fairway shall indemnify LBHI or its agent for LBHI's losses on such loans.

400347

20.     LBHI has demanded that Fairway provide indemnity for LBHI's losses on the loan identified in paragraph 18 above, or otherwise comply with its obligations under the Agreements and Seller's Guide with respect to the loan identified in paragraph 18 above.

21.     The facts stated above and Fairway's failure and refusal to indemnify LBHI constitute material breaches of the Agreements and Seller's Guide.

22.     Fairway's failure and refusal to honor its contractual obligations discussed above has proximately caused material and adverse effects upon LBHI and its interests and upon the values of the loan, causing LBHI to suffer losses on the loan discussed above which it would not have suffered had Fairway honored its obligations.

## FIRST CLAIM FOR RELIEF
(Breach of Contract – Damages)

23.     LBHI hereby repeats and realleges the above allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.     Each of the Agreements and Seller's Guide is a valid and enforceable contract that is binding upon Fairway.

25.     Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

26.     As set forth herein, Fairway has materially breached the respective Agreement and Seller's Guide by breaching the representations, warranties, and/or covenants, and refusing to indemnify LBHI.

27.     Fairway's breaches of the Agreements and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Breach of Express Warranty)

28. LBHI hereby repeats and realleges the above allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The Agreements and the Seller's Guide constitute valid and enforceable contracts that are binding upon Fairway.

30. With regard to each of the mortgage loans sold to LBB under the Agreements and Seller's Guide, Fairway made a number of express warranties with respect to material facts concerning the loans as set forth in paragraphs 14 through 15 above.

31. The express warranties contained in the Agreements and Seller's Guide were part of the basis of the bargain between LBB and Fairway, and LBB relied upon those warranties in executing the Agreement.

32. Fairway materially breached such express warranties for the loan referenced in paragraph 18 above.

33. LBHI, through its agent, provided Fairway with timely written notice concerning Fairway's breaches of the express warranties.

34. Fairway refused or failed to take adequate steps to remedy or to compensate LBHI for Fairway's breaches of the express warranties. Fairway's breach of its warranties was a proximate cause of material and adverse effects upon LBHI, causing LBHI to suffer losses on the loans discussed above which it would not have suffered had Fairway honored its obligations.

## PRAYER FOR RELIEF

WHEREFORE, LBHI respectfully requests that this Court enter judgment in its favor and against Fairway, as follows:

- 6 -

400347

(a) For all damages arising from or relating to Fairway's breaches of contract and express warranty, in an amount to be proved at trial;

(b) For recoverable interest;

(c) For the costs and expenses of suit incurred by LBHI herein, including attorneys' fees and costs and expert witness fees, per the terms of the Agreement and Seller's Guide; and

(d) For such other relief as this Court deems just and proper.

DATED: November 18, 2010.   REILLY POZNER LLP

By: _____
Matthew D. Spohn (MN #313567)
mspohn@rplaw.com
Anthony L. Giacomini (CO #26057)
(admission to this district pending)
agiacomini@rplaw.com
Amy R. Gray (CO #40814)
(admission to this district pending)
agray@rplaw.com
511 16th Street, Suite 700
Denver, Colorado 80202
Tel.: (303) 893-6100
Fax: (303) 893-6110

*Counsel for Plaintiff Lehman Brothers Holdings, Inc.*

400347